# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanton McDuffie, ) | Civil Action No. 2:21-3641-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| City of Charleston Police Department ) | |
| a/k/a Charleston City Police and Charleston ) | |
| Police Department, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Report and Recommendation of the Magistrate Judge, (Dkt. No. 65) (the "R&R"), recommending that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, denies Plaintiff's motion, and grants Defendants' motion.

## **Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Defendants City of Charleston Police Department, City of Charleston, Victoria A. Rulon, William Belko, Louis Staggers, Judson L. Haithcock, Joseph H. Harvill, Timothy Dasher, Matthew R. Stubbs, and Luther T. Reynolds (collectively, "Defendants"). Plaintiff brings claims for unlawful search and seizure, deliberate indifference, and violation of his due process rights under the Fourth Amendment to the United States Constitution. (Dkt. No. 65 at 2) ("Specifically, Plaintiff maintains his Fourth Amendment rights were violated when he was arrested for shoplifting in 2019.").

On April 7, 2023, Plaintiff filed a motion for summary judgment, (Dkt. No. 42), which Defendants oppose, (Dkt. No. 51).

On April 13, 2023, Defendants filed a motion for summary judgment, (Dkt. Nos. 46, 55), which Plaintiff opposes, (Dkt. No. 54).

On August 28, 2023, the Magistrate Judge issued an R&R recommending the Court deny Plaintiff's motion for summary judgment (Dkt. No. 42) and grant Defendants' motion for summary judgment (Dkt. No. 46).

Plaintiff filed objections to the R&R. (Dkt. No. 67).

The parties' motions are fully briefed and ripe for disposition.

### Legal Standards

#### a. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific,

material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the Court reviews the R&R de novo.

### Discussion

At the outset, the Court notes that Plaintiff did not file specific objections to that portion of the R&R recommending that Plaintiff's motion for summary judgment be denied. (Dkt. No. 65 at 7-11). Having reviewed this portion of the portion of the R&R de novo and finding no error therein, the Court adopts said section of R&R as the order of the Court and denies Plaintiff's motion for summary judgment. The Court now turns to Defendants' motion for summary judgment.

After careful consideration of the R&R, the record, and the Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendants are entitled to summary judgment on Plaintiff's claims. Accordingly, the Court adopts the R&R as the Order of the Court. Plaintiff filed objections to the R&R, which the Court addresses below.

As background to Plaintiff's objections, the Court provides the following factual summary.[1] Namely, on January 24, 2019, Defendant Rulon, an officer of the Charleston Police Department, responded to reported shoplifting at a Best Buy store in Charleston, South Carolina. Employee Paul Regan advised two white males had stolen a cell phone case and left the area in a Dodge extended cab pickup truck. Regan informed Rulon the suspected shoplifter used a credit card with the name "Stanton M. McDuffie" to purchase headphones after swapping his cellphone case for a new, unpaid for one. In her report, Rulon noted the suspect wore khaki shorts, tall socks, a hoody, a baseball hat, and that Rulon observed the incident on surveillance camera footage. (Dkt. No. 65 at 1-3).

Defendant Haithcock was assigned to investigate the incident. On January 29, 2019 Haithcock went to the Best Buy store to speak with Regan. While present at Best Buy, Haithcock viewed the surveillance footage depicting the theft. Haithcock testified the footage reflected a male with a baseball cap, khaki shorts, and high socks remove a phone case from its packaging and swap it with the case on his cell phone. Regan then gave Haithcock a flash drive that was supposed to contain this footage, but which Haithcock later discovered did not contain the full footage he had viewed while physically at Best Buy. (*Id.* at 3-4). Haithcock then contacted Allison McDuffie (Plaintiff's mother) as part of his investigation. Via email, Allison confirmed to

---

[1] Plaintiff did not file *any* specific objections to the R&R's recitation of the pertinent factual allegations. *See* (Dkt. No. 67).

Haithcock that her son had purchased headphones at Best Buy using his debit card. (*Id.* at 4). And, on February 26, 2019, Haithcock obtained a warrant for Plaintiff's arrest. On March 5, 2019, Plaintiff turned himself in to the Charleston Police Department Warrants Division. Per an April 17, 2019 email exchange between the City of Charleston Prosecutor and Plaintiff's criminal defense attorney, however, the charges against Plaintiff were dropped because Best Buy decided not to pursue prosecution. (*Id.* at 4-5).

In the R&R, as explained in detail over 13 pages, the Magistrate Judge analyzed why Defendants are entitled to summary judgment on each of Plaintiff's asserted claims. (*Id.* at 11-24). Namely, the R&R articulates (1) why Plaintiff has failed to state a *Monell* claim against the City of Charleston and the Charleston Police Department; (2) why Plaintiff has failed to show the personal involvement of Defendants Harvill, Dasher, Staggers, Stubbs, Belko, and Reynolds in Plaintiff's arrest; (3) why Plaintiff's Fourth Amendment claims against Haithcock and Rulon fail; and (4) why Defendants are entitled to qualified immunity. In his objections, Plaintiff challenges *only* the R&R's findings as to Haithcock and Rulon, point (3). With the above in mind, the Court analyzes Plaintiff's objections.

Plaintiff argues that the Magistrate Judge failed to consider testimony from Best Buy employees that "video of Plaintiff shoplifting never existed." (Dkt. No. 67 at 2-5).[2] Plaintiff argues

---

[2] In his objections, Plaintiff purports to cite to the deposition testimony of various individuals, including said Best Buy employees. *See* (Dkt. No. 67 at 2) (citing to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, (Dkt. No. 54 at 6-7)). A review of Plaintiffs' opposition to Defendant's motion for summary judgment reveals, however, that Plaintiff has never filed on the docket any record material (i.e., actual deposition excerpts) to support the citations he puts forward in his briefing. *See* Fed. R. Civ. P. 56(c) (requiring a party "asserting that a fact cannot be or is generally disputed" "support the assertion by . . . citing to particular parts of materials in the record").

that said testimony demonstrates Haithcock's "reckless disregard for the truth in executing the Affidavit and the lack of probable cause to arrest Plaintiff." (*Id.* at 6).

The Court overrules said objections. Plaintiff's objections are not supported by material in the record and cannot be used to defeat Defendants' motion for summary judgment. Fed. R. Civ. P. 56(c). Further, even if Plaintiff's argument regarding the above was supported by record evidence, said argument is irrelevant. Simply put, Plaintiff's principal argument is that no video evidence *ever* existed establishing probable cause for Plaintiff's arrest, an argument which the R&R explains is based on a misstatement of the record.[3]

Nevertheless, putting the above aside, Plaintiff's objections fail to challenge—or even address—the fact Haithcock had probable cause to arrest Plaintiff based on the statements of Regan and Plaintiff's mother. As explained in the R&R:

> Finally, and perhaps more importantly, Plaintiff's limited focus on the incomplete surveillance video misses the proverbial forest for the trees. A victim's statement (in this case, Mr. Regan) is enough to create probable cause to arrest. *See, e.g., Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable

---

[3] As explained in the R&R, Plaintiff makes much of the fact Best Buy employee Regan failed to give Haithcock the full surveillance video which Haithcock viewed while at Best Buy. (Dkt. No. 65 at 5) (noting that Haithcock "discovered that the flash drive given to him did not contain the full surveillance video he had observed at the Best Buy store" and that Regan testified that while Best Buy had been in possession of surveillance footage depicting Plaintiff from three to four camera angles, Regan "failed to save the full three-to-four camera angle video, which violated Best Buy's policies and procedures"). Ultimately, for the reasons described in the R&R, Plaintiff's argument on this point is irrelevant if not inaccurate. *See* R&R, (*Id.* at 19) ("Upon review of the evidence before the Court, Plaintiff has not shown Defendant Haithcock made any materially false statements deliberately or with reckless disregard for the truth while preparing the arrest affidavit. Plaintiff's limited focus on the surveillance video Best Buy gave to Defendant Haithcock— which he had in possession at the time he prepared the affidavit—is somewhat misleading. As Plaintiff frames it, Defendant Haithcock's entire probable cause finding was based on this video. And, because this video does not show Plaintiff shoplifting, Plaintiff argues Defendant Haithcock's warrant affidavit was invalid and not supported by probable cause. *However, Plaintiff's argument ignores the repeated testimony and evidence before the Court which reflects that the video Defendants Haithcock and Rulon observed at the Best Buy is different from the video that was ultimately handed over to Defendant Haithcock (and which is submitted into evidence before the Court.*") (emphasis added).

for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker. Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." (internal citation omitted)); *see also Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); *United States v. Beckham*, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases). Consequently, "unless there is an apparent reason for the officer to believe the victim is lying, a victim's statement will constitute sufficient probable cause." *Battle v. Jones*, No. 6:15-CV-4960-BHH-KDW, 2016 WL 7800306, at *4 (D.S.C. Dec. 20, 2016) (cleaned up) (citation omitted), *report and recommendation adopted*, No. CV 6:15-4960-BHH, 2017 WL 167930 (D.S.C. Jan. 17, 2017).

Here, even assuming there was no surveillance video at all, Defendant Haithcock had probable cause to arrest based on the statements from Mr. Regan and Plaintiff's mother. Specifically, Mr. Regan told Defendants Rulon and Haithcock that the same male that shoplifted the phone case purchased headphones at the register using a credit card, and Plaintiff's mother told Defendant Haithcock that Plaintiff did purchase a pair of headphones at Best Buy on that date. Moreover, there is nothing in the record, nor has Plaintiff shown, that there was an apparent reason for Defendant Haithcock to believe Mr. Regan was lying. Thus, Defendants Haithcock and Rulon are entitled to summary judgment. *See, e.g., English v. Clarke*, No. CV 3:19-2491-JMC-PJG, 2021 WL 4597184, at *7 (D.S.C. June 2, 2021) ("Even excising the purported false confession by English, Clarke had probable cause to arrest him based on the statements of the victim and other witnesses."), *report and recommendation adopted*, No. 3:19-CV-02491-JMC, 2021 WL 4398371 (D.S.C. Sept. 27, 2021), *appeal dismissed*, No. 21-2232 (L), 2022 WL 1283185 (4th Cir. Apr. 25, 2022).

(Dkt. No. 65 at 21). Accordingly, Plaintiff's objections to the R&R are overruled.[4]

---

[4] Plaintiff's remaining objections to the R&R do not affect this conclusion. For example, Plaintiff objects that Defendants Haithcock and Rulon "admitted" an arrest based on an affidavit containing false or inaccurate information violates a person's constitutional. (Dkt. No. 67 at 7). Neither "admission," however, creates a material dispute of fact as to Haithcock having probable cause to arrest Plaintiff based on Regan and Plaintiff's mother's statements. Nor does the fact Defendants allegedly did not produce Haithcock's voice memos or Rulon's body cam video from to Plaintiff in this litigation. (*Id.* at 8-9). *See* Order, (Dkt. No. 66) (denying Plaintiff's motion for sanctions for spoliation of relevant evidence and explaining in detail why Plaintiff had failed to carry his burden for sanctions as to each piece of evidence allegedly not produced).

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R, (Dkt. No. 65), as the order of the Court, **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 42) and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 46).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 21, 2023
Charleston, South Carolina